Gena FULLER, et al., Plaintiffs,

v.

Jeff NORMAN, et al., Defendants.

Case No. 2:12–cv–4300–FJG.

United States District Court,
W.D. Missouri.

March 21, 2013.

Grant R. Doty, Anthony E. Rothert, American Civil Liberties Union of Eastern MO, St. Louis, MO, for Plaintiffs.

Douglas G. Leyshock, Emily A. Dodge, Missouri Attorney General's Office, Michael G. Berry, Berry Wilson, LLC, Jefferson City, MO, for Defendants.

## ORDER

FERNANDO J. GAITAN, JR., Chief Judge.

This Court has considered Plaintiffs' Second Motion for Preliminary Injunction

and Plaintiffs' related requests for declaratory and injunctive relief set forth in Count VII of Plaintiffs' First Amended Complaint. The issues that Plaintiffs' Second Motion for Preliminary Injunction presents for this Court's determination are questions of law. The Court finds that Plaintiffs' Second Motion for Preliminary Injunction should be considered on the merits, *see Bank One, Utah v. Guttau,* 190 F.3d 844, 847 (8th Cir.1999), therefore the Court will determine whether a permanent injunction is appropriate with respect to Count VII of Plaintiffs' First Amended Complaint.

■ Plaintiffs, Gena Fuller, Jymie Jo Essick, Mary Pierce, Doloris LaRose, and Roena Redmond, were scheduled to marry offenders incarcerated at the Jefferson City Correctional Center (JCCC) on September 24, 2012, but the marriage ceremonies were cancelled due to Plaintiffs' inability to obtain marriage licenses. In Count VII of Plaintiffs' First Amended Complaint, Plaintiffs assert that a requirement that each applicant for a marriage license sign the application "in the presence of the recorder of deeds or their deputy," as provided in Section 451.040.2 RSMo, is unconstitutional as applied in instances where one, or both, applicants for a marriage license is incarcerated.

Plaintiffs request a declaration that the "in presence" requirement of Section 451.040.2 RSMo is unconstitutional as applied where one or both applicants for a marriage license is incarcerated. Defendant Rademan does not oppose Plaintiffs' request for declaratory relief. Plaintiffs also seek injunctive relief from Defendant Rademan that would allow marriage licenses to be issued without requiring incarcerated individuals to appear before the recorder of deeds or his or her deputy in order to apply for marriage licenses. For the reasons set forth below, the Court finds declaratory relief and permanent in-

junctive relief to be appropriate, and therefore the Court declares the requirement of Section 451.040.2 RSMo that marriage licenses be signed "in the presence of the recorder of deeds or their deputy" to be unconstitutional as applied to situations where one or both applicants for a marriage license is incarcerated.

**Plaintiffs' fundamental right to marry**

Plaintiffs' fundamental right to marry is protected by the due process clause of the Fourteenth Amendment. *Zablocki v. Redhail,* 434 U.S. 374, 383, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978). Plaintiffs have a constitutional right to marry their incarcerated fiancés. Section 451.120 RSMo makes the solemnization of any marriage in which the parties have not obtained a marriage license "as provided by this chapter" a misdemeanor. Section 451.120 also subjects a recorder of deeds who issues a marriage license "contrary to the provisions of this chapter" to criminal penalties. Marriages solemnized without a license are not recognized as valid. Section 451.040.1 RSMo. Section 451.040.2 RSMo requires that "[b]efore applicants for a marriage license shall receive a license, and before the recorder of deeds shall be authorized to issue a license, the parties to the marriage shall present an application for the license, duly executed and signed in the presence of the recorder of deeds or their deputy."

■ The statutory requirement that both fiancés execute and sign a marriage license in the presence of the recorder of deeds or their deputy significantly interferes with Plaintiffs' exercise of their fundamental right to marry their incarcerated fiancés. A statutory classification that significantly interferes with the exercise of a fundamental right cannot be upheld "unless it is supported by sufficiently important state interests and is closely tailored to effectuate only those interests." *Za-*

*blocki,* 434 U.S. at 388, 98 S.Ct. 673. No state interest sufficiently important to obligate incarcerated individuals who are engaged to be married to execute and sign a marriage license application in the presence of the recorder of deeds or deputy has been advanced by any party. The recorder of deeds could verify the identity of an incarcerated marriage license applicant through various means without requiring that applicant to sign the marriage license application in the recorder's physical presence. *See Buck v. Stankovic,* 485 F.Supp.2d 576, 585 (M.D.Pa.2007). The Court finds that the "in presence" requirement of Section 451.040.2 RSMo is not closely tailored to solely effectuate a sufficiently important state interest as applied to incarcerated persons applying for marriage licenses.

**Plaintiffs' request for injunctive relief**

■■■ The Court finds that Plaintiffs are entitled to the permanent injunctive relief they seek from Defendant Rademan. This Court has declared the requirement of Section 451.040.2 RSMo that marriage licenses be signed "in the presence of the recorder of deeds or their deputy" to be unconstitutional as applied to situations where one or both applicants for a marriage license is incarcerated. Thus, Plaintiffs have attained success on the merits of that claim as required to obtain a permanent injunction. *See Bank One, Utah v. Guttau,* 190 F.3d 844, 847 (8th Cir.1999). Plaintiffs' ongoing inability to exercise their fundamental right to marry shows that they are threatened with irreparable harm in the absence of injunctive relief. The Court finds that the balance of harms favors Plaintiffs. Finally, the Eighth Circuit has made clear that "it is always in the public interest to protect constitutional rights." *Phelps–Roper v. Nixon,* 545 F.3d 685, 690 (8th Cir.2008). Accordingly, the issuance of a permanent injunction would serve the public interest.

**Conclusion**

The Court finds that the requirement that marriage licenses be signed "in the presence of the recorder of deeds or their deputy," as provided in Section 451.040.2 RSMo, is unconstitutional as applied to situations where one or both applicants for a marriage license is incarcerated.

IT IS, THEREFORE, ORDERED that the requests for declaratory and permanent injunctive relief in Count VII of Plaintiffs' First Amended Complaint are granted. It is further

ORDERED that Defendant Rademan, his successors in office, and their officers, agents, servants, and employees, are hereby permanently enjoined from requiring individuals incarcerated in institutions operated by the Missouri Department of Corrections located in Cole County, or who are incarcerated in any city or county jail located in Cole County, to execute or sign marriage license applications in the presence of the Cole County recorder of deeds or any deputy of that official. It is further

ORDERED that upon reasonable written proof of as to the authenticity of the signature of an incarcerated applicant on a marriage license application, upon reasonable written proof of the fact that one or both of the marriage license applicants is incarcerated at the time the application is completed, and upon receipt of all fees and other documents required for the issuance of a marriage license under the laws of the State of Missouri, Defendant Rademan, his successors in office, and their deputies, officers, agents, servants, and employees, are hereby required to issue marriage licenses to any such individual without requiring any such incarcerated applicant to execute or sign a marriage license application in the presence of the Recorder of Deeds for the County of Cole, State of Missouri or any deputy of that official. It is further

ORDERED that the requirement of "reasonable written proof" of the applicant's signature and of the applicant's incarcerated status shall be deemed to have been met by presenting the following to Defendant Rademan, his successors in office, and their deputies, officers, agents, servants, and employees, at the office of the Recorder of Deeds for County of Cole, State of Missouri: an affidavit or sworn statement (a) identifying the names of both applicants for the marriage license; (b) signed by the incarcerated applicant stating in substantial part that the applicant is unable to appear in the presence of the recorder of deeds due to the applicant's incarceration, which shall be verified by the warden or warden's designee and acknowledged by a notary public commissioned by the state of Missouri at the time of verification; and (c) the completed and legible marriage license application of the incarcerated applicant.