**Julia AMOS, et al., Plaintiffs,**

**v.**

**Michele A. HIGGINS, Moniteau County Recorder of Deeds, in her official capacity, Defendant.**

**Case No. 14–004011–CV–C–GAF.**

United States District Court,
W.D. Missouri,
Central Division.

Feb. 6, 2014.

Grant R. Doty, Anthony E. Rothert, American Civil Liberties Union of Missouri Foundation, St. Louis, MO, for Plaintiffs.

Michael G. Berry, Berry Wilson, LLC, Jefferson City, MO, for Defendant.

### *JUDGMENT AND ORDER*

GARY A. FENNER, District Judge.

Presently before the Court are Plaintiffs Julia Amos, Wendy M. Downing, and Leisha Hendrix's (collectively "Plaintiffs") Motions for Preliminary Injunction. (Docs. ## 6, 13). Plaintiffs request the Court enjoin Defendant Michele A. Higgins, Moniteau County Recorder of Deeds, in her official capacity ("Defendant"), from requiring Plaintiffs' incarcerated fiancés from executing or signing their marriage license applications in the presence of Defendant. (Docs. ## 6, 13). According to Plaintiffs, because there are no factual disputes at issue and only questions of law remain, Plaintiffs request this Court grant them a permanent injunction as requested in their First Amended Complaint. (Doc. # 16 ¶¶ 1–3). Defendant stipulated that she "does not oppose Plaintiffs' request for

relief." (*Id.* ¶ 7). For the reasons set forth below, the Court finds declaratory and permanent injunctive relief to be appropriate.

## *DISCUSSION*

### I. FACTS

Plaintiffs are each engaged to individuals incarcerated at Tipton Correctional Center in Moniteau County, Missouri. Their marriage ceremonies are scheduled for February 24, 2014, but their marriage ceremonies are at risk of being cancelled because of Plaintiffs' inability to obtain marriage licenses. In their First Amended Complaint, Plaintiffs assert that a requirement that each applicant for a marriage sign the application "in the presence of the recorder of deeds or their deputy," as provided in Missouri Revised Statute § 451.040.2, is unconstitutional as applied in instances where one (1), or both, applicants cannot appear in person, such as in this case where one (1) of the applicants for each marriage license is incarcerated. (Doc. # 11).

Defendant is the Moniteau County, Missouri Recorder of Deeds. As Recorder of Deeds, she is charged with issuing marriage licenses. In that capacity, she has declined to issue a marriage license to Plaintiffs because their fiancés are unable to appear in her presence. While she does not dispute Plaintiffs' factual allegations or oppose their request for relief, she believes that she is bound by the statutory in-presence requirement and notes that any person who violates the provisions of § 451.040 "shall be deemed guilty of a misdemeanor." *See* Mo.Rev.Stat. § 451.040.3.

### II. LEGAL STANDARD

Although Plaintiffs' Motion requested for a preliminary injunction, the Court may consider their Motions as motions for permanent injunction. *See Bank One,* *Utah v. Guttau,* 190 F.3d 844, 847 (8th Cir.1999) (citation omitted). This Court has considered Plaintiffs' Motions for Preliminary Injunction and Plaintiffs' related requests for declaratory and injunctive relief set forth in their First Amended Complaint. The parties agree that there are no factual disputes and that the issues presented for this Court's determination are questions of law. The Court finds that the Motions for Preliminary Injunction should be considered on the merits as Motions for Permanent Injunction. Therefore, the Court will determine whether a permanent injunction is appropriate.

In determining whether a preliminary injunction should be issued, a district court must take into account four (4) factors: (1) the threat of irreparable harm to the movant, (2) the balance between this harm and the harm to the other party if the injunction is granted, (3) the probability of movant's success on the merits, and (4) the public interest. *Id.* (citing *Dataphase Sys., Inc. v. C.L. Sys., Inc.,* 640 F.2d 109, 113 (8th Cir.1981)). "The standard for granting a permanent injunction is essentially the same as for a preliminary injunction, except that to obtain a permanent injunction the movant must attain success on the merits." *Id.* (citation omitted).

### III. ANALYSIS

#### A. Plaintiffs' Fundamental Right to Marry

Plaintiffs' fundamental right to marry is protected by the due process clause of the Fourteenth Amendment. *Zablocki v. Redhail,* 434 U.S. 374, 383, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978). The fundamental nature of Plaintiffs' right to marry is not altered by the fact that their fiancés are incarcerated. Because "the decision to marry is a fundamental right," it survives despite a party to the marriage

being incarcerated. *Turner v. Safley,* 482 U.S. 78, 95, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

Section 451.120 makes the solemnization of any marriage in which the parties have not obtained a marriage license "as provided by this chapter" a misdemeanor. Section 451.120 also subjects a recorder of deeds who issues a marriage license "contrary to the provisions of this chapter" to criminal penalties. Marriages solemnized without a license are not recognized as valid in Missouri. Mo.Rev.Stat. § 451.040.1. Section 451.040.2 requires that "[b]efore applicants for a marriage license shall receive a license, and before the recorder of deeds shall be authorized to issue a license, the parties to the marriage shall present an application for the license, duly executed and signed in the presence of the recorder of deeds or their deputy."

 "State laws defining and regulating marriage, of course, must respect the constitutional rights of persons[.]" *United States v. Windsor,* —— U.S. ——, 133 S.Ct. 2675, 2691, 186 L.Ed.2d 808 (2013). The statutory requirement that both parties to a prospective marriage execute and sign a marriage license in the presence of the recorder of deeds or their deputy significantly interferes with Plaintiffs' exercise of their fundamental right to marry their fiancés. There can be no distinction between actively prohibiting the exercise of the right to marry and action that completely frustrates that right. *See Toms v. Taft,* 338 F.3d 519, 527 (6th Cir.2003).

 A statutory classification that significantly interferes with the exercise of a fundamental right cannot be upheld "unless it is supported by sufficiently important state interests and is closely tailored to effectuate only those interests." *Zablocki,* 434 U.S. at 388, 98 S.Ct. 673. No party has advanced a state interest sufficiently important to obligate individuals who are engaged to be married, but unable

to travel to the recorder of deeds, to execute and sign a marriage license application in the presence of the recorder of deeds or deputy. The recorder of deeds could verify the identity of an incarcerated marriage license applicant through various means without requiring that applicant to sign the marriage license application in the recorder's physical presence. *See Fuller v. Norman,* 936 F.Supp.2d 1096, 1098 (W.D.Mo.2013); *Nichols v. Moyers,* 4:13CV735 CDP, 2013 WL 2418218 (E.D.Mo. June 3, 2013); *Buck v. Stankovic,* 485 F.Supp.2d 576, 585 (M.D.Pa.2007). The Court finds that the "in presence" requirement of § 451.040.2 is not closely tailored to solely effectuate a sufficiently important state interest as applied to persons applying for marriage licenses who are unable to appear in the presence of the recorder of deeds or their deputy. *See Fuller,* 936 F.Supp.2d at 1098. Accordingly, § 451.040.2 is unconstitutional as applied to situations where an applicant for a marriage license is physically unable to appear in the presence of the recorder of deeds or their deputy due to incarceration at Tipton Correctional Center or other incarceration facilities located in Moniteau County, Missouri.

**B. Plaintiffs' Requests for Injunctive Relief**

 The Court finds that Plaintiffs are entitled to the permanent injunctive relief they seek from Defendant. This Court has declared the requirement of Mo.Rev. Stat. § 451.040.2 that marriage licenses be signed "in the presence of the recorder of deeds or their deputy" to be unconstitutional as applied to situations where an applicant for a marriage license is physically unable to appear in the presence of the recorder of deeds or their deputy due to incarceration at Tipton Correctional Center or other incarceration facilities located in Moniteau County, Missouri.

Thus, Plaintiffs have attained success on the merits of that claim as required to obtain a permanent injunction. *See Guttau,* 190 F.3d at 847.

The Court also finds the other preliminary injunction factors are met. *See id.* (citing *Dataphase,* 640 F.2d at 113). Plaintiffs' ongoing inability to exercise their fundamental right to marry shows that they are threatened with irreparable harm in the absence of injunctive relief. The Court finds that the balance of harms favors Plaintiffs. Finally, the Eighth Circuit has made clear that "it is always in the public interest to protect constitutional rights." *Phelps–Roper v. Nixon,* 545 F.3d 685, 690 (8th Cir.2008). Thus, the issuance of a permanent injunction would serve the public interest. Because Plaintiffs has attained success on the merits and demonstrated all relevant factors to support granting an injunction, Plaintiffs have met their burden sufficient to grant their relief requested.

## CONCLUSION

The Court finds that the requirement that marriage licenses be signed "in the presence of the recorder of deeds or their deputy," as provided in Section 451.040.2 of Missouri's Revised Statutes, is unconstitutional as applied to situations where an applicant for a marriage license is physically unable to appear in the presence of the recorder of deeds or their deputy due to incarceration at the Tipton Correctional Center or other incarceration facilities located in Moniteau County. Accordingly, it is

ORDERED that the requests for declaratory and permanent injunctive relief in Plaintiffs' First Amended Complaint are GRANTED.[1]

IT IS FURTHER ORDERED that Defendant, her successors in office, and their officers, agents, servants, and employees are hereby permanently enjoined from requiring individuals who are physically unable to appear in the presence of the recorder of deeds or their deputy, due to incarceration at the Tipton Correctional Center or other incarceration facilities located in Moniteau County, to execute or sign marriage license applications to appear in the presence of the Moniteau County recorder of deeds or any deputy of that official as a condition for issuance of a marriage license.

IT IS FURTHER ORDERED that upon reasonable written proof as to the authenticity of the signature of an applicant on a marriage license application, upon reasonable verified proof of the fact that the applicant is physically unable to appear in the presence of the recorder of deeds at the time the application is completed, and upon receipt of all fees and other documents required for the issuance of a marriage license under the laws of the State of Missouri, Defendant, her successors in office, and their deputies, officers, agents, servants, and employees are hereby required to issue marriage licenses to any such individual and his or her fiancé without requiring any such incarcerated applicant to execute or sign a marriage license application in the presence of the recorder of deeds or any deputy of that official for the County of Moniteau, Missouri.

IT IS LASTLY ORDERED that the requirement of "reasonable written proof" of the applicant's signature and of the applicant's incarcerated status shall be deemed to have been met by presenting

---

1. Because the Court grants Plaintiffs the relief requested in their First Amended Complaint, as well as a permanent injunction, Plaintiffs' Motions for Temporary Restraining Order (Docs. ## 5, 12) and Motions for Preliminary Injunction (Docs. ## 6, 13) are DENIED as moot.

the following to Defendant, her successors in office, and their deputies, officers, agents, servants, and employees, at the office of the Recorder of Deeds for the County of Moniteau, Missouri:

An affidavit or sworn statement:

(a) Identifying the names of both applicants for the marriage license;

(b) Signed by the incarcerated applicant stating in substantial part that the applicant is unable to appear in the presence of the recorder of deeds due to the applicant's incarceration, which shall be verified by the warden or warden's designee and acknowledged by a notary public commissioned by the State of Missouri at the time of verification; and

(c) The completed and legible marriage license application of the incarcerated applicant.